**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis Carlos MARTINEZ,**
**Defendant–Appellant.**

**No. 89–5618.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 12, 1990.

Decided April 13, 1990.

---

Eben Turner Rawls, III, Rankin, Merryman, Dickinson, Rawls & Ledford, Charlotte, N.C., for defendant-appellant.

Max Oliver Cogburn, Jr., Asst. U.S. Atty., argued, Thomas J. Ashcraft, U.S. Atty., on brief, Asheville, N.C., for plaintiff-appellee.

Before RUSSELL and WIDENER, Circuit Judges, and HOFFMAN, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

WALTER E. HOFFMAN, Senior District Judge:

Luis Carlos Martinez seeks to upset his convictions on drug charges in the district court for the Western District of North Carolina. The superseding indictment charged the defendant with conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, attempt to possess with intent to distribute in excess of five kilograms of cocaine, each in violation of 21 U.S.C. § 846, and traveling in interstate commerce to promote or carry on unlawful drug activity in violation of 18 U.S.C. § 1952. A jury returned a verdict of guilty on all three counts. The court, Chief Judge Robert D. Potter, entered judgment on the verdict on May 22, 1989, and sentenced the defendant to 151 months, the maximum term for the offenses under the Federal Sentencing Guidelines, with a five-year period of supervised release to follow.

On appeal, Martinez challenges his conviction on venue grounds. He contends that the district court committed reversible error by failing to give a requested venue instruction requiring the jury to determine whether an overt act in advancement of a conspiracy or a substantial step toward an attempt was committed in the district where the charges were prosecuted.

Martinez also appeals the sentence imposed, contending that the district court erred in denying a two-step reduction under the Federal Sentencing Guidelines for acceptance of responsibility. The defendant's acknowledgment came after a jury trial in which factual guilt was the primary issue and after preparation of his presentence report. Since we conclude that neither of these grounds for reversal is meritorious, we affirm the judgment below.

## I. FACTS

In February 1989, Special Agent Dan Walters of the United States Army Criminal Investigation Division, working undercover in Panama, arranged with a group of Panamanians to smuggle cocaine into the United States. In March 1989, Walters received 30 kilograms of cocaine, $3,000 in cash, and the telephone number of a contact in New York. He was to receive an additional $57,000 after bringing the cocaine into the United States. Upon arriving in Charleston, South Carolina, Walters called the New York number and arranged for someone to come to Charleston to pick up the cocaine. When the contact did not arrive on the agreed flight, another telephone call to New York revealed that, because of miscommunication, the contact had arrived in Charlotte, North Carolina. He was registered in a hotel there under the name of Luis Carlos Martinez. A subsequent call to New York disclosed that Martinez had moved to a hotel in Rock Hill, South Carolina.

In two telephone conversations to Martinez in Rock Hill, Walters was not able to arrange a meeting. A third call to Martinez's hotel revealed that he had left to return to New York. Drug Enforcement Agents intercepted Martinez at the Charlotte, North Carolina, airport. Martinez was dressed as the New York contact had described him to Walters. Martinez and his female traveling companion were carrying $57,000 in cash.

## II. VENUE

The appellant contends that his conviction is defective because it is unsupported by a jury finding that the offenses charged actually occurred in the Western District of North Carolina, where the trial was conducted. At trial, the defense requested two jury instructions highlighting the requirement that the government prove by a preponderance of the evidence that venue was proper in the Western District of North Carolina. The court refused the proposed instructions. The court's only reference to venue in the charge to the jury was its reading of the indictment which alleged that the offenses occurred "within the Western District of North Carolina and elsewhere in the United States."

Venue questions in criminal cases "are not merely matters of formal legal procedure" but "raise deep issues of public policy," implicating constitutional concerns. *United States v. Johnson*, 323 U.S. 273, 276, 65 S.Ct. 249, 251, 89 L.Ed. 236 (1944). Article III, § 2 of the Constitution provides that "the Trials of all Crimes ... shall be held in the State where the said Crimes shall have been committed." Congress has implemented this clause with 18 U.S.C. § 3237(a) which authorizes prosecution of a crime involving more than one district in any district in which the offense "was begun, continued, or completed." *See United States v. Levy Auto Parts of Canada*, 787 F.2d 946, 949 (4th Cir.), *cert. denied*, 479 U.S. 828, 107 S.Ct. 108, 93 L.Ed.2d 56 (1986). "When a conspiracy is formed in one district and overt acts are done in furtherance of it in other districts, ... venue may be laid for prosecution of all the conspirators in any one of those districts." *Id.* at 952.

Venue, therefore, clearly would be proper in the Western District of North Carolina if any overt act in furtherance of the conspiracy to possess cocaine or a substantial step in the attempt to possess cocaine occurred in that district. Venue is an issue in this case because the jury was able to convict the defendant of the offenses charged without an implicit finding that the acts used to establish venue had been proven. *See United States v. Moeckly*, 769 F.2d 453, 461 (8th Cir.1985), *cert. denied*, 476 U.S. 1104, 106 S.Ct. 1947, 90 L.Ed.2d 357 (1986).

■ However, proof of venue may be so clear that failure to instruct on the issue is not reversible error. *Id.* The proof of venue may be by direct evidence or even by circumstantial evidence alone. *See United States v. Black Cloud*, 590 F.2d 270 (8th Cir.1979); *United States v. Haley*, 500 F.2d 302 (8th Cir.1974).

■ In this case, evidence of the acts committed in the Western District of North

Carolina was substantial and uncontroverted, except by Martinez's original claim at the time of his arrest that the purpose of his trip and the $57,000 cash was to purchase a car. No evidence to that effect was presented at trial. The evidence was that Martinez flew to Charlotte, North Carolina, with more than $57,000 in cash with the intent to exchange the money for nearly 30 kilograms of cocaine. He registered at a Charlotte motel and counted the money there. He was subsequently arrested trying to return to New York through the Charlotte airport. Conversations between Martinez and Walters from Martinez's Rock Hill, South Carolina, hotel established his intentions in traveling to Charlotte with the exact amount of money due to Walters for smuggling the cocaine and dressed in the clothing described to identify the contact for exchange of the drugs.

Where evidence, though circumstantial, is this clear on the issue of proper venue, "any error from the denial of jury instructions on the issue is harmless." *Moeckly,* 769 F.2d at 462, citing *United States v. Jenkins,* 510 F.2d 495 (2d Cir.1975); *United States v. Gillette,* 189 F.2d 449 (2d Cir.), *cert. denied,* 342 U.S. 827, 72 S.Ct. 49, 96 L.Ed. 625 (1951).

The defendant has not contradicted the evidence of activities in the Western District of North Carolina. Given Martinez's presence in Charlotte with the money, dressed as the courier, with the itinerary and the name established through the New York contact, the district court's failure to give the proposed venue instruction and the absence of a specific jury finding on proof of venue is not prejudicial error. No basis exists for reversing the judgment of the district court entered on the jury verdict.

### III. SENTENCE REDUCTION

■ The appellant also assigns error to the district court's denial of a two-step reduction in his sentence range under the Federal Sentencing Guidelines for acceptance of responsibility.

Section 3E1.1(a) of the Guidelines provides that a sentencing court may reduce the offense level by two steps "if the de-fendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." The appellant claims entitlement to this reduction on the basis of an admission of responsibility executed by him on May 18, 1989, four days before his sentencing on charges for which he was convicted.

This court has held that a criminal defendant seeking a potential decrease in his offense level which would have the effect of lowering his ultimate sentencing range bears the burden of establishing by a preponderance of the evidence the applicability of the mitigating factor in question. *United States v. Urrego–Linares,* 879 F.2d 1234, 1239 (4th Cir.1989). The defendant here must prove by a preponderance of the evidence that he clearly demonstrated recognition and affirmative acceptance of personal responsibility for his criminal conduct. *United States v. Harris,* 882 F.2d 902, 905 (4th Cir.1989). Whether the defendant has met this burden is a factual issue, and the district court's decision not to reduce the offense level will not be disturbed unless clearly erroneous. *United States v. White,* 875 F.2d 427, 431 (4th Cir.1989). This standard is appropriate because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *Id.* at 430.

The commentary to § 3E1.1 provides a nonexclusive list of factors a court may consider in making a determination about the defendant's acceptance of responsibility:

(a) voluntary termination or withdrawal from criminal conduct or associations;

(b) voluntary payment of restitution prior to adjudication of guilt;

(c) voluntary and truthful admission to authorities of involvement in the offense and related conduct;

(d) voluntary surrender to authorities promptly after commission of the offense;

(e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;

(f) voluntary resignation from the office or position held during the commission of the offense; and

(g) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

Application Note 1, Guideline § 3E1.1.

Of the seven factors listed, six either did not apply to this case or were not present under its facts. On the seventh, the timeliness of the defendant's conduct manifesting acceptance of responsibility, the district court specifically found that Martinez's efforts were not timely. The district court held that Martinez had not accepted responsibility within the meaning of § 3E1.1.

The district court's conclusion does not impermissibly penalize the defendant for exercising his right to trial. The section on which Martinez relies applies whether the defendant pleads guilty or is found guilty. Commentary to § 3E1.1 states that a defendant may manifest sincere contrition even if he goes to trial. Application Note 2, Guideline § 3E1.1. The circumstances under which this comment would apply include the defendant's assertion at trial of "issues that do not relate to factual guilt," for example, a constitutional challenge to the statute or a challenge to the applicability of the statute to his conduct. *Id.* The district court found that was not the situation in Martinez's case. Factual guilt was, in fact, the primary issue, and no challenges to the statute or its applicability were made.

Given the issues at trial, the absence of many factors relevant to acceptance of responsibility, and the timing of the appellant's admission of responsibility, the district court's denial of a two-step reduction was not clearly erroneous. On these facts, finding the defendant's belated statement sufficient in itself to carry his burden of proof for the reduction would open the door to abuse of the spirit and purpose of encouraging acceptance of personal responsibility for one's criminal conduct.

Martinez bore the burden of persuading the court that he was entitled to the two-step reduction. The record clearly shows that he failed to show his entitlement through acceptance of responsibility by a preponderance of the evidence. Therefore, the district court's decision and imposition of sentence will be affirmed.

## IV. CONCLUSION

In conclusion, we hold that the district court did not commit reversible error by refusing the proposed venue instruction. We also hold that the district court did not err in denying a two-step reduction in Martinez's offense level for acceptance of responsibility under Guideline § 3E1.1(a).

AFFIRMED.