918 F.2d 174
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donato J. JONES, Defendant-Appellant.
 No. 90-5769.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1990.
Decided Nov. 16, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-89-127)
 Thomas W. Smith, Charleston, W.Va., for appellant.
 Michael W. Carey, United States Attorney, Jacquelyn I. Custer, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donato J. Jones was convicted after a jury trial of conspiracy to distribute cocaine base (21 U.S.C. Sec. 846) and possession of cocaine base with intent to distribute (21 U.S.C. Sec. 841). He was sentenced to a prison term of seventy-eight months. We affirm.
 
 
 2
 Jones makes two challenges to this sentence on appeal. He first argues that the district court should have granted him a two-level downward adjustment of the offense level for acceptance of responsibility. Jones had the burden of convincing the district court by a preponderance of the evidence that he was entitled to the adjustment, and the court's decision that he had not met the burden is a factual issue which we review under the clearly erroneous standard. United States v. White, 875 F.2d 427, 430 (4th Cir.1989). We find no error. The district court found that Jones had chosen not to admit involvement in the offense and had attempted to put the blame on others until "very late in the game." The timing of a defendant's disclosure that he admits responsibility is a factor which the court may consider in determining whether the adjustment is warranted. United States v. Martinez, 901 F.2d 374 (4th Cir.1990).
 
 
 3
 Second, Jones claims that the district court should have departed downward from the Guidelines sentence because he provided information about criminal activity in Columbus, Ohio. However, the government made no motion for a departure based on substantial assistance and the district court could not consider such a departure without a government motion. Fed.R.Crim.P. 35(b); U.S.S.G. Sec. 5K1.1; United States v. Francois, 889 F.2d 1341 (4th Cir.1989), cert. denied, 58 U.S.L.W. 3658 (U.S. Apr. 16, 1990) (No. 89-6720).
 
 
 4
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.