976 F.2d 727
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Joseph David BRUSTER, Defendant-Appellant.
 No. 92-5050.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 31, 1992
Decided: September 21, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Chief District Judge. (CR-91-66)
 William C. Ingram, FLOYD, ALLEN & JACOBS, Greensboro, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 Affirmed.
 Before SPROUSE and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Joseph David Bruster (or Brewster) appeals the sentence imposed after he was convicted of possessing an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d) (1988). He contends that the district court erred in refusing to award him a two-level reduction in offense level for acceptance of responsibility. We affirm.
 
 
 2
 Bruster pled not guilty and went to trial. Although he did not testify, he did present evidence attempting to show that his possession of the gun was necessary to protect against an imminent threat. Thus, as counsel stated at sentencing, Bruster's defense at trial was to hope that the jury overlooked his "technical" guilt and find him not guilty on equitable grounds.
 
 
 3
 Guideline section 3E1.1* does not "automatically" preclude the acceptance of responsibility reduction for a defendant who goes to trial. U.S.S.G. § 3E1.1, comment. (n.2). However, when a defendant goes to trial, the reduction is warranted only "in rare situations." Id. While Bruster arguably did not contest his factual guilt at trial, he has failed to show that his case is one of those rare cases deserving of the reduction. We note that Bruster was evasive when asked about the gun by the officers on the scene and did not acknowledge his possession of the gun until he was interviewed by the probation officer after trial. This is insufficient. See Id. (pre-trial conduct and statements are pertinent); United States v. Martinez, 901 F.2d 374 (4th Cir. 1990) (timeliness of statement of acceptance of responsibility is factor to be considered). Therefore, we cannot find the district court's finding to be clearly erroneous.
 
 
 4
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)