14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Orlando LEGRAND, Defendant-Appellant.
 No. 93-5333.
 United States Court of Appeals, Fourth Circuit.
 Dec. 22, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.
 Michael B. Shankin, for appellant.
 Benjamin H. White, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINSON and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Kenneth Legrand appeals from the district court's judgment order and decision to deny him a downward adjustment for acceptance of responsibility pursuant to Sec. 3E1.1 of the United States Sentencing Guidelines. Legrand was convicted on drug conspiracy charges in August 1991. Only days after his conviction, he was placed in a cell with a codefendant who testified against him at his trial. Legrand accused the codefendant of lying on the stand, and the accusation led to a heated argument which escalated into a physical conflict.
 
 
 2
 Based on this incident, Legrand was convicted by a jury of retaliating against a government witness in violation of 18 U.S.C. Sec. 1513(a)(1) (1984). We affirmed this conviction in United States v. Legrand, No. 92-5038 (4th Cir. Dec. 31, 1992), but remanded for the district court to make a factual determination regarding whether Legrand had accepted responsibility for the offense. We must now determine whether the district court's determination was clearly erroneous. See United States v. Martinez, 901 F.2d 374, 377 (4th Cir.1990).
 
 
 3
 Section 1513 makes it a criminal offense to knowingly threaten or cause bodily harm to another person with the intent to retaliate against that person for attending or providing testimony at an official proceeding. 18 U.S.C. Sec. 1513(a)(1) (1984). By the express terms of the statute, both harm or the threat of harm and intent to retaliate are elements of the offense. By achieving a conviction, the government proved all requisite elements of the offense.
 
 
 4
 There is no dispute on appeal that Legrand has at all times refused to accept responsibility for intentionally retaliating against his codefendant for testifying against him. He admits only to initiating the physical contact leading to the fight. We have held that a district court may properly deny an adjustment under Sec. 3E1.1 where the defendant does not accept responsibility for all aspects of his criminal conduct. See United States v. Gordon, 895 F.2d 932, 936-37 (4th Cir.), cert. denied, 498 U.S. 846 (1990). We therefore find that the district court did not err by denying a downward adjustment based on Legrand's refusal to accept responsibility for intentionally retaliating against the government's witness.
 
 
 5
 The judgment of the district court is, accordingly,
 
 
 6
 AFFIRMED.