39 F.3d 1179
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone Lawrence HARRIS, Defendant-Appellant.
 No. 94-5177.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 30, 1994.
Decided Oct. 25, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CR-93-128)
 Jon M. Babineau, Norfolk, VA, for appellant. Helen F. Fahey, U.S. Atty., Janet S. Reincke, Asst. U.S. Atty., Norfolk, VA for appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 A jury convicted Tyrone Lawrence Harris of possession with the intent to distribute approximately twenty-six grams of crack cocaine in violation of 21 U.S.C.A. Sec. 841(a)(1) (West 1981 & Supp.1994). On appeal, Harris argues that (i) the district court abused its discretion in finding that the Government established a chain of custody for the crack cocaine; and (ii) the district court erred in denying Harris a two-point reduction for his acceptance of responsibility under the Sentencing Guidelines.
 
 I.
 
 2
 Harris contends that the district court abused its discretion in finding that the Government established a chain of custody for the crack cocaine. He argues that the Government failed to explain with reasonable certainty the custody of the crack cocaine after Investigator Killmon delivered it to the evidence custodian for analysis at the laboratory.
 
 
 3
 Proving the chain of custody as a threshold requirement to the admission of evidence establishes that the item to be introduced is what it purports to be. United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir.), cert. denied, 459 U.S. 874 (1982). The ultimate question focuses on "whether the authentication testimony was sufficiently complete so as to convince the court that it is improbable that the original item had been exchanged with another or otherwise tampered with." Id. (citing United States v. Brewer, 630 F.2d 795, 801-02 (10th Cir.1980)). Precision in developing the chain of custody is not an iron-clad requirement. Howard-Arias, 679 F.2d at 366. Admission of evidence is not prevented just because there may be a missing link in its chain of custody "so long as there is sufficient proof that the evidence is what it purports to be and has not been altered in any material aspect." Id. Resolution of a chain of custody question rests with the sound discretion of the trial judge. Id.
 
 
 4
 Investigator Killmon testified that Investigator Alexander gave him the crack cocaine at Harris' arrest on July 30 and that he kept it in a locked evidence locker until he delivered the crack cocaine to the laboratory for analysis on August 3. Peter Ausili, an expert in forensic chemistry and controlled substance analysis, testified that an evidence custodian received the evidence from Investigator Killmon and followed the laboratory procedures for securing and tracking evidence at the laboratory. The evidence custodian removed the crack cocaine from the laboratory vault on August 10, brought it to Ausili to analyze, and documented the change in custody. Ausili then placed the package in his private safe until he performed the analysis. Ausili also testified that the package had been heat sealed at the top and that he opened the package by cutting a one-half inch strip across the bottom, removed the drugs, performed the analysis, put the drugs and the one-half inch strip back into the bag, resealed the bag with a heat seal, and returned the package to the evidence custodian who documented the transfer. Because this testimony establishes "sufficient proof that the evidence is what it purports to be and has not been altered in any material aspect," Howard-Arias, 679 F.2d at 366, we find that the district court did not abuse its discretion in admitting the crack cocaine.
 
 II.
 
 5
 Harris also argues that he should have been granted a two-point reduction for acceptance of responsibility because he cooperated with the Investigators at the bus station and confessed to selling the drugs. He also contends that the court punished him for exercising his right to a trial by jury.
 
 
 6
 Section 3E1.1(a) of the Sentencing Guidelines provides a two-level reduction of the base offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1993). Harris must prove this by a preponderance of the evidence. United States v. Martinez, 901 F.2d 374, 377 (4th Cir.1990). We will not disturb the district court's decision not to reduce the offense level for acceptance of responsibility unless it was clearly erroneous. United States v. White, 875 F.2d 427, 431 (4th Cir.1989).
 
 
 7
 Harris claims that he met his burden because he cooperated with the police and confessed to selling drugs. However, the Sentencing Guidelines provide that: [a downward departure for acceptance of responsibility] is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.
 
 
 8
 U.S.S.G. Sec. 3E1.1, comment. (n.2). Although Harris confessed to selling drugs, he proceeded to trial to challenge only the chain of custody hoping that "something would slip up in the testimony of the chemist or the lab people." (J.A. Vol. I at 234). Because Harris' chain of custody challenge does not fall within the exception provided in the Guidelines' commentary, we find that the district court's refusal to credit Harris with a two-point reduction for acceptance of responsibility was not clearly erroneous.
 
 III.
 
 9
 Accordingly, we affirm Harris' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.