47 F.3d 1166
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Glenn ROBERTSON, a/k/a K.O., Defendant-Appellant.
 No. 94-5174.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 9, 1994.
Decided March 1, 1995.
 
 ARGUED: Timothy Francis Cogan, CASSIDY, MYERS, COGAN & VOEGELIN, L.C., Wheeling, WV, for Appellant. Samuel Gerald Nazzaro, Jr., Assistant United States Attorney, Wheeling, WV, for Appellee. ON BRIEF: William D. Wilmoth, United States Attorney, Wheeling, WV, for Appellee.
 Before LUTTIG, Circuit Judge, MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation, and CURRIE, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Robertson (Robertson) pled guilty to distribution of crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C.A. Sec. 841(a)(1) (West 1981) and 21 U.S.C.A. Sec. 860 (West Supp.1994). He appeals his sentence on the following grounds: (1) the district court erred by taking into account his statements to a therapist concerning racial and social issues in violation of his First Amendment right to freedom of speech; (2) the district court's denial of a reduction for acceptance of responsibility violated his Fifth Amendment right against self-incrimination; (3) the district court erred in not awarding him a two-level reduction in offense level for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(a); and (4) the district court erred in not awarding him an additional one-level reduction pursuant to U.S.S.G. Sec. 3E1.1(b). We affirm.
 
 I.
 
 2
 Before pleading guilty, Robertson entered into a plea agreement which included three nonbinding recommendations. First, the government agreed to recommend a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(a), "if the defendant accepts responsibility and the probation officer recommends a two level reduction...." J.A. 13. Next, the government agreed to recommend an additional one-level reduction pursuant to U.S.S.G. Sec. 3E1.1(b), if Robertson gave "timely and complete information about his own involvement and provide[d] timely notice of his intent to plead guilty, permitting the government to avoid trial preparation, and compl[ied] with all the requirements of th[e] agreement." Id. The third nonbinding recommendation is not relevant to this appeal.
 
 
 3
 While on pretrial release, Robertson tested positive for use of illegal substances all eight times that he was tested. The latest test was positive for marijuana and cocaine, and although Robertson admitted using marijuana he denied using cocaine, speculating that someone had been lacing his marijuana cigarettes with cocaine. As a result of his positive drug tests while on pretrial release, the Probation Office referred Robertson to Northwood Health Systems (Northwood) for substance abuse treatment. While at Northwood, Robertson only sporadically attended treatment and therapy sessions. His therapist terminated his treatment and therapy, stating that Robertson was unwilling to comply with the objectives of his treatment plan and continued to use marijuana with little or no motivation to abstain. Robertson's continued use of drugs and lack of performance at Northwood caused the Probation Officer to request by letter that the district court set a sentencing date as soon as possible, because she believed that Robertson posed a threat to himself and the community. Attached to this letter was the therapist's assessment report, which stated that Robertson was "overly dramatic in litany of racial and social injustices;" J.A. 59; that he foresaw himself as a social messiah of his people; that he accused society of committing deliberate racial genocide on blacks, latinos, and other minorities; and that his overall mood was angry. J.A. 60.
 
 
 4
 The district court ordered a Presentence Report (PSR), and Robertson was sentenced on February 22, 1994. The PSR did not include Robertson's version of the offense because he failed to provide it to the Probation Officer who completed the PSR. The Probation Officer did not recommend a reduction for acceptance of responsibility based upon Robertson's failure to provide a statement of his offense conduct and his failure to discontinue drug use. Although neither party submitted any objections to the PSR, at the sentencing hearing Robertson addressed the therapist's statement about his racial and social comments. He stated that he believed his communications with the therapist to be confidential, although the PSR contained his authorization for Northwood to release any confidential information concerning him. In accordance with the plea agreement, at the sentencing hearing the government did not recommend a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(a), nor did it recommend an additional one-level reduction pursuant to U.S.S.G. Sec. 3E1.1(b). Robertson addressed the district court regarding the Probation Officer's refusal to recommend a reduction for acceptance of responsibility, and during this speech he accepted responsibility for the crime to which he had pled guilty. Based largely upon Robertson's failure to accept such responsibility in a timely manner, however, the district court declined to award him any reduction for acceptance of responsibility. After determining Robertson's total offense level to be twenty-one and his criminal history category to be V, the district court sentenced Robertson to seventy-four months of imprisonment and six years of supervised release.
 
 II.
 
 5
 Robertson first contends that the district court violated his First Amendment right to freedom of speech by partly basing his denial of a two-level reduction for acceptance of responsibility upon Robertson's racial and social statements to the Northwood therapist. The record is clear, however, that the district court did not take such statements into account in sentencing Robertson. At three separate times, the district court unequivocally manifested this point. First, the district court stated: "The matter raised by Mr. Robertson, if that is a matter of an objection to the report made by [the Northwood therapist], I would simply indicate that that is not a matter that I am going to take into account in sentencing." J.A. 75. Later, the court declared: "But just for the record, I am not going to take that into--anything that came out of that report as a part of the sentencing." Id. Finally, in pronouncing the sentence, the court said: "I think that based upon these aggravating factors and disregarding anything about the Northwood Health System's matter, I think the sentence of imprisonment near the middle of the Guideline range is appropriate in this case." J.A. 81.
 
 
 6
 Despite these express declarations by the district court, Robertson contends that the district court indirectly considered the Northwood report because it specifically adopted the factual findings of the PSR, findings which he argues were colored by the information in the Northwood report. The only references to Northwood on the pages of the PSR cited by Robertson, however, refer to his continued use of drugs and his tardiness for drug tests and therapy sessions. J.A. 40-41. Because the district court expressly did not consider Robertson's statements contained in the Northwood report during sentencing, Robertson's First Amendment claim is without merit.
 
 III.
 
 7
 Robertson next challenges the district court's denial of an offense level reduction for acceptance of responsibility as a violation of his Fifth Amendment right against self-incrimination. Conditioning a reduction upon a defendant's acceptance of responsibility for his criminal conduct does not violate the Fifth Amendment because a defendant is not penalized for failing to accept responsibility; rather, acceptance of responsibility is a mitigating factor requiring the defendant to make an admittedly difficult, albeit constitutional, choice. United States v. Frazier, 971 F.2d 1076 (4th Cir.1992), cert. denied, 113 S.Ct. 1028 (1993); cf. United States v. Gordon, 895 F.2d 932, 936-37 (4th Cir.), cert. denied, 498 U.S. 846 (1990). Furthermore, in this case Robertson was granted use immunity in the plea agreement for any statement or testimony that he gave. J.A. 12. Accordingly, the denial of a reduction for acceptance of responsibility did not violate Robertson's Fifth Amendment right against self-incrimination.
 
 IV.
 
 8
 Robertson's third contention is that the district court committed clear error in failing to grant a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(a). A defendant seeking such a reduction has the burden of proving to the district court by a preponderance of the evidence that he is entitled to the reduction. Id. at 935. The district court's decision is reviewed for clear error. United States v. Strandquist, 993 F.2d 395, 401 (4th Cir.1993); Gordon, 895 F.2d at 937.
 
 
 9
 A district court may reduce a defendant's offense level by two levels "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct...." U.S.S.G. Sec. 3E1.1(a). The factors that a court may consider in making this decisions include: (1) truthfully admitting the offense of conviction and relevant conduct; (2) post-offense rehabilitative efforts; and (3) "the timeliness of the defendant's conduct in manifesting his acceptance." Id., comment. (n.1(a), (g), & (h)). These three factors all militate against a reduction for acceptance of responsibility in this case. First, Robertson continued to deny involvement with cocaine, instead speculating that someone laced his marijuana ciga rettes with cocaine. Secondly, he was insincere about his post-offense rehabilitative efforts. When he was sent to Northwood, he failed to appear for and was late for treatment and therapy sessions. Moreover, he tested positive for alcohol, marijuana, and cocaine on eight separate occasions while on pretrial release. See United States v. Underwood, 970 F.2d 1336, 1338-39 (4th Cir.1992) (holding that defendant's failure to stop using marijuana until five months after he entered into a plea agreement is sufficient to support the district court's refusal to award him a reduction for acceptance of responsibility). Finally, and most importantly to the district court, any responsibility that Robertson ultimately accepted simply was not timely because Robertson waited until the sentencing hearing before attempting to accept responsibility. See United States v. Curtis, 934 F.2d 553, 557 (4th Cir.1991) (upholding district court's denial of reduction for acceptance of responsibility when defendant waited until sentencing to attempt to accept responsibility); United States v. Martinez, 901 F.2d 374, 377-78 (4th Cir.1990) (finding that defendant had not met burden to establish acceptance of responsibility when he had not attempted to accept responsibility until four days before sentencing). Robertson's failure to point to evidence in the record demonstrating timely acceptance of responsibility, his continued drug use, and his lack of commitment to treatment or therapy provide a strong justification for the district court's decision not to grant a two-level reduction pursuant to U.S.S.G. Sec. 3E1.1(a). Consequently, that decision was not clearly erroneous.
 
 V.
 
 10
 Finally, Robertson contends that the district court erred by not granting him an additional one-level reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(b). That provision only applies, however, if the defendant qualifies for a two-level reduction pursuant to U.S.S.G. Sec. 3E1.1(a). As previously stated, Robertson did not qualify for a two-level reduction and that decision by the district court was not clearly erroneous. As a result, Robertson's challenge to the district court's refusal to grant an additional one-level reduction is without merit.
 
 VI.
 
 11
 The district court's decision not to grant a two-level reduction in offense level for acceptance of responsibility pursuant to U.S.S.G.
 
 
 12
 Sec. 3E1.1(a) did not violate Robertson's First or Fifth Amendment rights. Furthermore, neither the district court's denial of a two-level reduction pursuant to U.S.S.G. Sec. 3E1.1(a) nor his denial of an additional one-level reduction pursuant to U.S.S.G. Sec. 3E1.1(b) was clearly erroneous. Accordingly, the decision of the district court is
 
 
 13
 AFFIRMED.