**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 94-5758

LARRY GENE HARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-94-202)

Submitted: December 19, 1995

Decided: January 17, 1996

Before MURNAGHAN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marcia G. Shein, LAW OFFICE OF MARCIA G. SHEIN, Atlanta,
Georgia, for Appellant. Helen F. Fahey, United States Attorney,
James L. Trump, Assistant United States Attorney, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Larry Gene Harris was convicted by a jury of importing more than a kilogram of heroin into the United States, 21 U.S.C.A. §§ 952(a) (West Supp. 1995), 960(a)(1) (West 1981), of possessing more than a kilogram of heroin on an aircraft arriving in the United States, 21 U.S.C. §§ 955, 960(a)(2) (1988), and of possessing heroin with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1995). He appeals his convictions.* We affirm.

When Harris arrived at Dulles Airport in Northern Virginia on a flight from India, one of his suitcases contained only a few saris but was suspiciously heavy. A drug detection dog alerted to it. An x-ray examination showed hidden compartments in the sides of both halves of the suitcase which proved to contain more than four kilograms of heroin. The bag containing the heroin had a baggage tag which matched a claim tag in Harris's travel folder and was in sequence with the claim tags on Harris's other two checked bags. Harris was charged with importation of more than one kilogram of heroin, possession of heroin on an aircraft arriving in the United States, and possession of heroin with intent to distribute. All these events were alleged to have occurred in Loudoun County, in the Eastern District of Virginia.

During jury selection, one member of the venire, Mr. Blakeslee, asked whether the defendant would be required to testify. When told that the defendant would not be required to testify or to explain his decision if he chose not to testify, Mr. Blakeslee said that would inter-fere with his objectivity. He was excused. Defense counsel immedi-ately moved for a mistrial on the ground that Blakeslee's comments might have biased the entire venire. The district court denied the motion, but subsequently explained the defendant's right not to testify

_____

*Harris has withdrawn his challenge to his sentence.

2

and asked whether any jurors would be influenced by Blakeslee's remarks. None said they would be influenced.

During its case in chief, the government failed to establish that Dulles Airport is in the Eastern District of Virginia, although a government witness testified that the airport is in Loudoun County, Virginia. Defense counsel moved unsuccessfully for acquittal on the ground that venue had not been proved.

Harris testified that the suitcase did not belong to him, even though it had his baggage tag on it. He said he bought a similar suitcase at a bazaar in India to carry home saris and other souvenirs he purchased. He said he did not see the clerk at the airport in New Delhi place the baggage tags on his bags. He insisted that his third baggage tag must have been placed on someone else's suitcase because his prayer rugs and certain items he purchased were not in the suitcases. He said that he did not realize that his belongings were missing, even during the customs inspection.

On appeal, Harris first argues that the dismissed juror's comments potentially biased all the other jurors and that the district court should have granted a mistrial on this ground or dismissed the entire venire. He further states in his reply brief that "it is not inconceivable" that the juror's comments forced him to testify because he feared a negative reaction from the jury if he failed to testify.

The decision to dismiss a juror, or the whole venire, is within the district court's discretion. United States v. Jones, 696 F.2d 479, 492 (7th Cir. 1982), cert. denied, 462 U.S. 1106 (1983). The district court instructed the remaining members of the venire that Harris had an absolute right not to testify and that no inference could be drawn from a defendant's decision not to testify. No jurors stated that they were affected by the dismissed juror's remarks. We find that the district court did not abuse its discretion or commit reversible error. See United States v. Seeright, 978 F.2d 842, 849-50 (4th Cir. 1992) (when extraneous information introduced into jury deliberations, the district court did not abuse its discretion in dismissing only the offending juror and denying a mistrial after inquiry as to effect on other jurors).

Next, we find that venue was adequately proved. In federal criminal trials, the government has the burden of proving that the defendant

3

committed the crime in the district where he is being prosecuted; venue may be proved by a preponderance of the evidence. United States v. Burns, 990 F.2d 1426, 1436 (4th Cir.), cert. denied, ___ U.S. ___, 61 U.S.L.W. 3819 (U.S. June 7, 1993) (No. 92-8621). It may be established by direct or circumstantial evidence. United States v. Martinez, 901 F.2d 374, 376 (4th Cir. 1990). Harris concedes that the government proved that the offense occurred within the jurisdiction of the district court. However, he contends that the government failed to "establish venue for the date of the alleged crimes," and was thus relieved of having to prove an essential part of its case. Because it is abundantly clear that venue was proper in the Eastern District of Virginia, the district court did not err in finding that venue had been adequately established and denying the motion for acquittal. See United States v. Hatchett, 31 F.3d 1411, 1424 (7th Cir. 1994) (proof that crime occurred in location within district was adequate to establish proper venue).

Last, we find that the evidence was sufficient to uphold the conviction. A conviction must be affirmed if there is substantial evidence, viewed in the light most favorable to the government, to support a finding of guilt. Glasser v. United States, 315 U.S. 60, 80 (1942). Circumstantial and direct evidence are both considered, and the government is given the benefit of all reasonable inferences from the facts proven to the facts sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

With regard to the charges of knowingly importing and knowingly possessing more than a kilogram of heroin on an aircraft (Counts 1 and 2), the question for the jury was one of credibility. Harris asked the jury to believe that the suitcase containing heroin was not his and that his claim tag had been placed on a nearly identical bag. Yet, when the bag was opened during the customs inspection, Harris did not disclaim the bag. The evidence was sufficient to convict unless the jury chose to believe Harris. The jury's decision not to believe Harris is not reviewable on appeal. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

The critical element of the third count (possession of more than a kilogram of heroin with intent to distribute) was the intent to distribute. Intent to distribute can be inferred when the amount of the con-

4

trolled substance is larger than would be expected for personal use. United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990), cert. denied, 500 U.S. 919 (1991). Harris possessed more than four kilograms of heroin, an amount which easily demonstrated the intent to distribute. Consequently, the evidence was sufficient to support the jury's verdict on all three counts.

We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5