UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                                     No. 98-4635

CHARLES RANDLE SHIRES,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-98-10)

Argued: March 5, 1999

Decided: May 10, 1999

Before WIDENER and NIEMEYER, Circuit Judges, and
BROADWATER, United States District Judge for the
Northern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Janet Sue Reincke, Assistant United States Attorney,
Norfolk, Virginia, for Appellant. Rodolfo Cejas, II, Norfolk, Virginia,
for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney,
Norfolk, Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On May 5, 1998, a jury convicted Charles Shires on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). At sentencing, the district court awarded Shires a two-level reduction in offense level for his sentence pursuant to United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 3E1.1 for acceptance of responsibility. The government now appeals the district court's determination that Shires was entitled to this reduction. We affirm.

On July 4, 1997, police officers for the city of Portsmouth, Virginia responded to a dispatched radio call reporting gunshots. Thomas Edwards, Shires's neighbor, placed the call to the police after hearing the gunshots and briefly discussing the gunfire with Shires. Upon their arrival, the officers found Shires sitting on a couch in the den area of his home. After a brief conversation, the officers asked Shires to accompany them outside. The officers handcuffed Shires and placed him in a police cruiser for safety purposes. The officers requested permission to search Shires's house. Shires reportedly answered that "[he] didn't see what the big deal was. I just shot a couple of shots. It's no big deal. It's the Fourth of July, for Christ's sake." The officers told Shires that they needed to locate the firearm, and he replied that "the gun is under the table." The officers confirmed Shires's consent before entering Shires's house and discovering a .38 caliber Smith & Wesson revolver under a coffee table.

A jury convicted Shires of being a felon who did unlawfully and knowingly possess a revolver that had been shipped or transported in interstate commerce pursuant to 18 U.S.C. § 922(g)(1). At sentencing, the district court commenced with a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2). The court further determined that Shires was entitled to a two-level reduction in offense level for acceptance

2

of responsibility, relating that he never denied the charges against him, admitted that he possessed the weapon, and did not present untruthful testimony during the course of his trial. The resulting offense level was 22, with a Criminal History VI, for a guideline range of 84 to 105 months. The court sentenced Shires to 84 months imprisonment. The government appeals the court's award of a two-level reduction to Shires for his acceptance of responsibility.

U.S.S.G. § 3E1.1 permits the district court to decrease a defendant's offense level by two "if the defendant clearly demonstrates acceptance of responsibility for his offense." In reviewing the district court's determination, the Guidelines provide that the district court "is in a unique position to evaluate a defendant's acceptance of responsibility," and its decision "is entitled to great deference on review." U.S.S.G. § 3E1.1, app. note 5; United States v. White, 875 F.2d 427, 430-31 (4th Cir. 1989). This deference is necessary because "[a] defendant's credibility and demeanor play a crucial role in evaluating whether he is genuinely contrite and has accepted responsibility," and the district court is in the best position to evaluate the defendant. United States v. Harris, 882 F.2d 902, 905 (4th Cir. 1989). The district court's determination of whether to grant a reduction for acceptance of responsibility is a factual matter that we may not disturb on appeal unless clearly erroneous. United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995). In order to receive reduction for acceptance of responsibility, "a defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted `personal responsibility for his criminal conduct.'" Castner, 50 F.3d at 1279 (quoting United States v. Martinez, 901 F.2d 374, 377 (4th Cir. 1990)).

In this case, the government challenges the district court's factual determination of acceptance of responsibility on two grounds. First, the government contends that Shires did not accept responsibility for his criminal conduct because he never admitted criminal intent. Second, the government argues that because a jury convicted Shires of the crime, his acceptance of responsibility was not timely and he is not entitled to a finding of acceptance of responsibility. We hold that the district court's decision was not clearly erroneous.

We disagree with the government's first contention that Shires failed to accept responsibility for his criminal conduct. The record

3

supports the district court's determination that Shires never denied his criminal possession of the revolver. After the police officers arrived at his house, Shires stated: "[He] didn't see what the big deal was. I just shot a couple of shots. It's no big deal. It's the Fourth of July, for Christ's sake." This statement indicates that Shires never denied his possession of the revolver. Rather, by admitting that he fired the gun, Shires had to admit that he was in possession of the gun. The government to the contrary, Shires could not have fired the gun without having it in his possession at the time he fired it.

Furthermore, Shires explicitly admitted his conduct during his sentencing proceedings. In his position papers filed with the court relating to sentencing, Shires stated that "[he] has always admitted his guilt in possessing the weapon but he has, in his own mind, disputed that he intended to violate the law by his possession on July 4, 1997." Shires also admitted that he possessed the firearm when he testified during his sentencing hearing.

> I was, uh -- it's no excuse. I just didn't think about what I was doing. I didn't mean any criminal intent, but I guess I realize now how bad it was, what I did. I'm sorry for what I did.

Throughout the prosecution of his crime and sentencing, Shires repeatedly admitted that he possessed the revolver.

The principal contention of the government is that Shires never admitted to a criminal intent which the government argues is a necessary element of the crime. The government, however, would require Shires to admit more than is necessary for a violation of § 922(g)(1). The statute, possession of firearm by a convicted felon, requires no more than Shires's voluntary possession of a firearm. Therefore, as long as Shires was conscious and aware of his actions--that he did not act out of ignorance, mistake, accident, or some other innocent reason-he satisfies the statute. The crime is for a convicted felon "to . . . possess . . . any firearm or ammunition."

The record indicates both that Shires was fully aware of his possession and that he admitted it throughout the criminal proceedings. Shires admitted to the officers at the scene that he fired the revolver,

4

and he directed the officers to where they could find the weapon, conduct which could only indicate an admission of guilt, possession of the revolver.**1** The record contains no evidence that Shires was anything but conscious and aware of his possession of the firearm and that he never denied such.

The government also argues that Shires is not entitled to the reduction for acceptance of responsibility because his acceptance was untimely. In effect, the government contends that Shires is not entitled to the two-level reduction because he went to trial on his charges and was convicted. We disagree with the government's position. The Guidelines explicitly state that a defendant may still receive the adjustment for acceptance of responsibility after a criminal trial and conviction. It is true that the two-level reduction for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, app. note 2. Nevertheless, "[a] defendant may exercise his right to trial and still receive an adjustment for acceptance of responsibility, [although] such situations are rare and the determination of acceptance must `be based primarily upon pre-trial statements and conduct.'" Castner, 50 F.3d at 1279 (quoting U.S.S.G. § 3E1.1, app. note 2). Further, while U.S.S.G. § 3E1.1, app. note 1(h) states that "the timeliness of the defendant's conduct in manifesting responsibility" is a_ consideration for the court in determining a defendant's eligibility for the reduction, it is not the dispositive factor.

The district court has substantial discretion on the issue of the timeliness of a defendant's acceptance of responsibility. U.S. v. Jones, 31 F.3d 1304, 1315 (4th Cir. 1994). This circuit has considered several cases in which the defendant has accepted responsibility for his criminal conduct after his conviction by trial, and we have never stated that post-trial acceptance bars the defendant from receiving the reduction. See Castner, 50 F.3d at 1279-80; United States v. Gordon, 895 F.2d 932, 937 (4th Cir.), cert. denied, 498 U.S. 846 (1990); United States

---

**1** During his sentencing, Shires admitted that he was aware that it was illegal for him to possess a firearm. He stated that he had been warned against it after his prior felony convictions.

5

v. Strandquist, 993 F.2d 395, 401 (4th Cir. 1993). Undoubtedly, the timing of a defendant's acceptance of responsibility is a factor that the Guidelines require a district court to consider in awarding a two-level reduction. We do not, however, interpret U.S.S.G.§ 3E1.1 to prohibit an adjustment for acceptance of responsibility if the defendant, rather than pleading guilty, is tried and convicted of the crime. The rule the government asks us to adopt is very nearly a per se rule of prohibition, which we decline to do as has the Guidelines.

U.S.S.G. § 3E1.1, app. note 1 lists several considerations that the district court may consider, but is not limited to, in determining whether a defendant qualifies for a reduction for acceptance of responsibility. In addition to the timeliness of the defendant's acceptance, these considerations include: "(a) truthfully admitting the conduct comprising the offense(s) of conviction; . . . (b) voluntary termination or withdrawal from criminal conduct or associations; . . . (d) voluntary surrender to authorities promptly after commission of the offense; . . . (e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense; . . . (h) timeliness of defendant's conduct in manifesting acceptance of responsibility. U.S.S.G. § 3E1.1. The record in this case contains evidence that Shires fulfilled these criteria and no evidence that he did not. Shires never denied his possession of the revolver and admitted to the officers that he had fired the gun, which necessarily implies possession. Shires voluntarily terminated his conduct before the officers arrived at his house and voluntarily surrendered to the officers by not challenging them when they handcuffed him and placed him in their cruiser. Further, Shires voluntarily assisted the officers in recovering his gun by consenting to the search of his house and directing the officers to the location of the revolver. Shires admitted possession of the gun when the officers arrived and has on all occasions since. Shires never denied his criminal conduct and cooperated with the police in all aspects of their immediate investigation of his crime.**2**

_____

**2** At sentencing, the district court noted that one of its reasons for finding that Shires accepted responsibility was that Shires never presented any untruthful testimony to the court. We recognize that a defendant is "not entitled to a reduction for acceptance of responsibility merely because he did not obstruct the administration of justice during his trial." Castner, 50 F.3d at 1279. Here, however, Shires's conduct presented

6

The district court is in a unique position to evaluate the defendant's acceptance of responsibility, and its factual determination is entitled to great deference on review. The district court was in the best position to assess Shires's demeanor and credibility. We may not second-guess its judgment unless its determination was clearly erroneous. Here, the record supports the court's decision because it indicates that Shires freely admitted his criminal act at all times, never denied his criminal conduct, accepted full responsibility for his conduct, and assisted the police in their investigation of his crime.

Accordingly, the sentence is

<u>AFFIRMED</u>.

_____

additional considerations for the district court to evaluate in determining whether to award the reduction. The record contains sufficient evidence beyond Shires's failure to present untruthful testimony to support the finding of acceptance of responsibility.

7