**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 99-4125

LYNELL BASSFIELD,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-97-239)

Submitted: February 10, 2000

Decided: March 9, 2000

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert L. Fax, FLAX & STOUT, Richmond, Virginia, for Appellant.
Helen Fahey, United States Attorney, Sara E. Flannery, Special Assis-
tant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following a bench trial, Lynell Bassfield was convicted of two counts of mail fraud, in violation of 18 U.S.C.§§ 2, 1341 (1994); ten counts of bank fraud, in violation of 18 U.S.C.§ 1344 (1994); one count of credit card fraud, in violation of 18 U.S.C.A. § 1029(a)(2) (West Supp. 1999); and three counts of social security fraud, in violation of 42 U.S.C. § 408(a)(7)(B) (1994). He was sentenced to a term of twenty-four months' imprisonment on each count, with all sentences to run concurrently. Bassfield appeals, alleging there was insufficient evidence to convict him of the bank fraud and social security fraud and that the district court erred by denying him a downward departure for acceptance of responsibility. We affirm.

Bassfield alleges the evidence was insufficient to show that he used a fraudulently obtained credit card to make cash withdraws at the Citizen Bank and Trust automated teller machine in Blackstone, Virginia. This Court reviews sufficiency of the evidence deferentially, sustaining the verdict if taking the view most favorable to the government, there is substantial evidence to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). In bench trials,"the judge weighs the evidence, determines the credibility of the witnesses, and finds the facts[,]" and "may select among conflicting inferences to be drawn from the testimony." United States v. Bales , 813 F.2d 1289, 1293 (4th Cir. 1987) (citations omitted).

In this case, the district court was in the unique position of examining photographs introduced into evidence that were made from surveillance video tapes of the bank's ATM. Further, a police officer testified that on June 3, 1996, he observed Bassfield drive up to the ATM wearing a ski mask, insert a fraudulently obtained credit card into the machine, and run from the officer when he tried to make an arrest. All ten ATM transactions charged were for the same amount and all were at the same ATM. It is also relevant that Bassfield was found guilty of fraudulently obtaining the credit card used at the ATM through a mail-in application, which underpins the credit card fraud and mail fraud convictions that Bassfield does not contest on appeal. We find therefore, that the Government produced sufficient evidence

to support the finding of guilt on the nine other charges of bank fraud occurring at the same ATM machine and involving the same fraudulently obtained credit card. See United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989) (finding circumstantial evidence should be treated no differently than direct evidence and may be sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis consistent with innocence).

Bassfield also contends there was insufficient evidence to prove he represented the social security numbers of John Carson and Kim Tucker to be his own. The social security fraud statute Bassfield was charged with violating prohibits anyone from representing, for any purpose, a social security account number to be the social security account number assigned by the Commissioner to him when he knows it is not his number. See 42 U.S.C.§ 408(a)(7)(B). Bassfield argues that because he used Carson's name on the credit card application along with Carson's social security number, he did not represent that the number was his. We find this argument unpersuasive.

Bassfield's use of Carson's name with Carson's social security number does not ameliorate his use of someone else's social security number for a deceptive purpose. In fact, using Carson's name with his social security number facilitated Bassfield's deception that someone else's vital statistics were his own in order to obtain a credit card and then use the card to obtain cash. Likewise, when Bassfield applied for the post office box with a fake identification card containing Tucker's name and social security number, with Bassfield's photo, he represented that Tucker's name and social security number were his own. Accordingly, we find sufficient evidence to support Bassfield's convictions of bank fraud and social security fraud when the evidence is viewed in the light most favorable to the Government.

Bassfield next argues that he should have received a reduction in sentence for acceptance of responsibility because he stipulated to nearly every piece of documentary evidence presented by the Government at trial.

To receive a reduction under U.S. Sentencing Guidelines Manual § 3E1.1, a defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal

3

responsibility for his criminal conduct. See United States v. Martinez, 901 F.2d 374, 377 (4th Cir. 1990). The district court is in a unique position to evaluate a defendant's acceptance of responsibility, and its determination is entitled to great deference on review. See U.S.S.G. § 3E1.1, comment. (n.5); United States v. White, 875 F.2d 427, 430-31 (4th Cir. 1989). The adjustment is not meant to apply to one who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. See U.S.S.G.§ 3E1.1, comment. (n.2). In rare cases, one who goes to trial may still have demonstrated acceptance of responsibility, for example if one goes to trial to preserve issues unrelated to factual guilt. See id. In such cases, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct. See id. This court reviews the district court's findings as to acceptance of responsibility for clear error. See United States v. Gordon, 895 F.2d 932, 937 (4th Cir. 1990).

The record reflects that Bassfield proceeded to trial for the sole purpose of contesting his factual guilt, regardless of his numerous documentary stipulations. Further, Bassfield's pre-trial conduct (failing to appear for his first scheduled trial, going through three court appointed attorneys, and entering a guilty plea and then withdrawing it on the day of sentencing) does not demonstrate acceptance of responsibility for criminal conduct. See U.S.S.G. § 3E1.1, comment. (n.2). We therefore find no clear error in the court's denial of a reduction in sentence for acceptance of responsibility. We likewise find the court did not err in denying Bassfield a sentence reduction under United States v. Koon, 518 U.S. 81, 99-100 (1996). Bassfield fails to demonstrate his case is "atypical" or that the stipulations he entered into before his second trial take his case outside the "heartland" so as to warrant a downward departure on a basis not considered by the Sentencing Guidelines. See Koon, 518 U.S. at 100.

We therefore affirm Bassfield's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED