UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 99-4558

MICHAEL MASON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-98-236)

Submitted: May 16, 2000

Decided: June 5, 2000

Before WIDENER, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen L. Shelnutt, Arlington, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Vincent J. Falvo, Jr., Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Mason appeals from seventy-seven months sentence for assault with a deadly weapon, 18 U.S.C.A. § 113(a)(3) (West Supp. 1999), and prisoner possession of a shank, 18 U.S.C.A. § 13 (West Supp. 1999), assimilating Va. Code Ann. § 53.1-203(4) (Michie 1998). Mason argues that the district court erred in failing to award Mason a reduction in offense level based upon acceptance of responsibility pursuant to U.S. Sentencing Guidelines Manual § 3E1.1 (1998).

This Court reviews a district court's decision to deny an acceptance of responsibility adjustment for clear error. See United States v. Holt, 79 F.3d 14, 17 (4th Cir. 1996). To receive a reduction under USSG § 3E1.1 for acceptance of responsibility, a defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct. See United States v. Martinez, 901 F.2d 374, 377 (4th Cir. 1990). The timeliness of a defendant's indication of responsibility is a factor the court may consider in deciding whether the adjustment is appropriate. See USSG § 3E1.1, comment. (n.1(h)). The district court is in a unique position to evaluate a defendant's acceptance of responsibility, and its determination is entitled to great deference on review. USSG § 3E1.1, comment. (n.5); United States v. White, 875 F.2d 427, 430-31 (4th Cir. 1989).

We have reviewed the briefs and the materials submitted in the joint appendix and find no clear error in the district court's decision to deny Mason a reduction in offense level for acceptance of responsibility. Accordingly, we affirm Mason's sentence.

AFFIRMED

2