**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-5015

LEVY SAMUEL STEPHEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-96-197-F)

Submitted: February 23, 1999

Decided: March 22, 1999

Before WILLIAMS and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Marvin Ray Sparrow, Durham, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Christine Witcover Dean, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Levy Samuel Stephen pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine base (crack), <u>see</u> 21 U.S.C. § 846 (1994), between June 1993 and December 1996. The district court imposed a sentence of 360 months imprisonment. Stephen appeals the sentence, contending that the district court clearly erred in finding that he had not accepted responsibility for his criminal conduct, <u>see U.S. Sentencing Guidelines Manual</u>§ 3E1.1 (1997), in declining to depart downward for coercion and duress, <u>see</u> USSG § 5K2.12, p.s., and in failing to consider Stephen's question about the disparity between his sentence and the sentences of his co-defendants as a motion for a departure. He also claims that he received ineffective assistance from his attorney at sentencing. We affirm in part and dismiss in part.

Beginning around 1993, Stephen and Terrence Cooke began transporting crack from New York City to North Carolina for sale there. In May 1994, Stephen recruited Okino Ramsey to assist in transporting crack. Stephen also mailed packages of crack to Cooke in North Carolina on occasion; Cooke or Ramsey would pay for the crack by sending money orders to Stephen's girlfriend, Tanya Holman, in New York. Stephen and Ramsey were arrested in Maryland in October 1994 while transporting crack. Stephen was convicted of drug charges in Maryland and paroled in December 1995, after which he resumed his association with Cooke, Ramsey, and others involved in the conspiracy. After his guilty plea, Stephen told the probation officer that he became involved in drug distribution because he was intimidated and bullied by Cooke and Ramsey both before and after his incarceration in Maryland. He further stated that Ramsey had convinced him to take full blame for the crack they had in the car when they were stopped by police in Maryland. Because his statement conflicted with information provided by Cooke and Ramsey, the probation officer

2

recommended that Stephen had not accepted responsibility for his offense. Stephen objected to the recommendation and also requested a downward departure for coercion and duress.

At sentencing, Cooke and Ramsey testified. Stephen also testified, asserting that Cooke's and Ramsey's testimony was false. Defense counsel also called the psychologist who had evaluated Stephen for a month pursuant to the court's order. She testified that Stephen had been diagnosed with mild depression in the past, but in her judgment was competent at the time he committed the offense and was competent to stand trial. She testified that she had not observed any indication that he was unusually susceptible to being dominated by others. The district court adopted the probation officer's recommendations and imposed sentence at the bottom of the guideline range.

On appeal, Stephen argues that he was entitled to an adjustment for acceptance of responsibility because he did not contest his guilt, and that he was improperly denied the adjustment because he requested a departure based on duress. We will not overturn the district court's factual determination that Stephen had not accepted responsibility unless it is clearly erroneous. See United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995). Stephen had the burden of showing by a preponderance of the evidence that he had "clearly recognized and affirmatively accepted `personal responsibility for his criminal conduct.'" Id. (quoting United States v. Martinez, 901 F.2d 374, 377 (4th Cir. 1990)). The court carefully considered Stephen's claim of duress, personally questioning the psychologist who had evaluated him, but ultimately agreed with the probation officer's conclusion that Stephen was attempting to shift blame for his actions to others. In part, the court's decision involved a determination that Cooke's and Ramsey's testimony was more credible than Stephen's. On balance, we cannot say that the district court clearly erred. Nor do we find that Stephen was penalized simply for requesting the departure. In his testimony, he placed all the blame for his actions on others. His decision to assert duress as the explanation for his involvement necessarily diluted his belated statement that he accepted responsibility for his conduct.

Stephen also claims that he received ineffective assistance of counsel during his sentencing in that his attorney made no objections to the revised presentence report and failed to request more time to

3

respond to the revised report. The revisions increased the amount of crack for which Stephen was responsible and designated him as a manager in the offense. We do not review claims of ineffective assistance on direct appeal unless the record conclusively establishes that counsel did not provide effective assistance. See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). In this case, we do not so find. Stephen should pursue any such claims in a motion pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998).

Neither will we review the district court's decision not to depart on the grounds of coercion and duress. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). Finally, we do not find that the district court erred when it failed to address, as a motion for departure, Stephen's question about the lower sentences the others involved in the conspiracy had received. Disparity is an impermissible ground for departure in any case. See United States v. Perkins, 108 F.3d 512, 515 (4th Cir. 1997).

We therefore affirm the sentence. We dismiss that portion of the appeal which contests the district court's decision not to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART

4