UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4113

KWABENE DIALLO SEABROOKS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
William B. Traxler, Jr., District Judge.
(CR-98-195)

Submitted: August 31, 1999

Decided: September 29, 1999

Before MURNAGHAN, WILKINS, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kwabene Diallo Seabrooks appeals his conviction entered on his guilty plea to possession of counterfeit securities with intent to defraud in violation of 18 U.S.C. § 513 (1994). Seabrooks noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed whether the district court erred by overruling two objections to the presentence report regarding the application of the U.S. Sentencing Guidelines (1998). The time for filing a supplemental brief has passed and Seabrooks has not responded, despite being advised of his right to do so. Because we find counsel's assignments of error to be without merit, and can discern no other error in the record on appeal, we affirm Seabrooks' conviction and sentence.

Seabrooks' counsel raises two challenges to the district court's rulings on Seabrooks' objections to the presentence investigation report. To give due deference to a district court's application of the Sentencing Guidelines, this Court reviews factual determinations for clear error and legal questions de novo. See United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996). Seabrooks first disputes the district court's enhancement for obstruction of justice. See USSG § 3C1.1. The district court enhanced Seabrooks' sentence by two levels because it found that Seabrooks committed perjury during his co-conspirator's trial. The court's findings on this matter were sufficient as a matter of law to support the enhancement and were not clearly erroneous. See United States v. Dunnigan, 507 U.S. 87, 95 (1993); United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995). Seabrooks also contends that the district court erred in not granting him an adjustment for acceptance of responsibility under USSG § 3E1.1. To receive a reduction under § 3E1.1, a defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted "personal responsibility for his criminal conduct." United States v. Martinez, 901 F.2d 374, 377 (4th Cir. 1990). Seabrooks' testimony at his co-conspirator's trial was plainly inconsistent with this

2

standard. The district court did not clearly err in finding that the adjustment was not appropriate. See Castner, 50 F.3d at 1279.

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Seabrooks' conviction and sentence are hereby affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3