**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

No. 00-4688

ABU JAMILAH SHAKUR,
　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CR-00-76)

Submitted: March 20, 2001

Decided: April 3, 2001

Before WIDENER, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Mary Lou Newberger, Acting Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Abu Jamilah Shakur appeals his conviction and sentence to 120 months confinement and three years supervised release for forcible interference with a federal employee in performance of his official duties in violation of 18 U.S.C. § 111 (1994). Shakur's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in which she represents that there are no arguable issues of merit in this appeal. Nonetheless, in her brief, counsel addressed the possibility that the district court improperly denied Shakur a reduction at sentencing based on his acceptance of responsibility. *See U.S. Sentencing Guidelines Manual* § 3E1.1 (2000). Shakur filed a supplemental brief alleging his guilty plea was involuntary because he was pressured into entering a plea agreement by his attorney. Finding no merit to either of these claims of error, and discovering no other reversible error in our review of the record, we affirm Shakur's conviction and sentence.

Shakur's claim that he was entitled to a downward departure at sentencing for acceptance of responsibility is without merit. In order to qualify for a reduction under § 3E1.1(a), Shakur had to prove by a preponderance of the evidence that he clearly recognized and affirmatively accepted personal responsibility for his criminal conduct. *United States v. Martinez*, 901 F.2d 374, 377 (4th Cir. 1990). A sentencing judge's evaluation of acceptance of responsibility is reviewed for clear error. *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999). However, because Shakur continued to engage in disruptive and threatening behavior subsequent to the prison disturbance underlying Shakur's conviction and sentence, the district court's decision to deny Shakur a reduction is not clearly erroneous, as that behavior indicates Shakur failed to voluntarily terminate or withdraw from criminal conduct after his initial offense. *See* USSG § 3E1.1, comment (n.1); *see also United States v. Kidd*, 12 F.3d 30, 34 (4th Cir. 1993) (noting defendant's continued use and distribution of cocaine post-indictment justified denial of credit for acceptance of responsibility).

Shakur's claim that he was pressured to enter a guilty plea is similarly meritless. A guilty plea must be "a voluntary and intelligent

choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). However, a conviction resulting from a guilty plea will be vacated only where a trial court's error affects the defendant's substantial rights. *See United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991). Because Shakur affirmatively indicated in response to the district court's questioning that his plea was voluntary and not the result of coercion or threats, in the absence of clear and convincing evidence to the contrary, Shakur must be bound by those representations to the court during his plea hearing. *Little v. Allsbrook*, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984).

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

In light of the foregoing, we affirm Shakur's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*