**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

JULIUS O. BANKOLE,
          *Defendant-Appellant.*

No. 01-4314

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-00-403-A)

Argued: April 5, 2002

Decided: June 24, 2002

Before NIEMEYER and KING, Circuit Judges, and
James H. MICHAEL, Jr., Senior United States District Judge
for the Western District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Stanley James Reed, LERCH, EARLY & BREWER, CHARTERED, Bethesda, Maryland, for Appellant. Stephen P. Learned, Assistant United States Attorney, Alexandria, Virginia, for Appellee. **ON BRIEF:** Suzanne S. Nash, LERCH, EARLY & BREWER, CHARTERED, Bethesda, Maryland, for Appellant. Paul J. McNulty, United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Julius O. Bankole appeals his January 2001 conviction in the Eastern District of Virginia on a charge of bank fraud. Bankole raises only one issue on appeal: a claim of improper venue. Because the Eastern District of Virginia was an appropriate venue for his prosecution, we affirm.

### I.

On November 8, 2000, Bankole was indicted on a single count of bank fraud, in violation of 18 U.S.C. § 1344.[1] He thereafter moved to dismiss the indictment for improper venue, and the court denied his motion without prejudice. His one-day jury trial took place in the Eastern District of Virginia on January 24, 2001.

According to the evidence, Bankole owned a Maryland corporation, Safari, Inc. ("Safari"), which maintained an account at Chevy Chase Bank, a Maryland-based financial institution (the "Chevy Chase Account"). He was also authorized to transact business for a company called Microworks, Nig. ("Microworks"), an entity operated by his father. Microworks maintained both checking and savings

---

[1]The bank fraud statute, 18 U.S.C. § 1344, provides that:

Whoever knowingly executes, or attempts to execute, a scheme or artifice —

(1)   to defraud a financial institution; or

(2)   to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

is guilty of an offense against the United States.

accounts at the United States Senate Federal Credit Union (the "USS-FCU Checking Account" and the "USSFCU Savings Account"), where members of Bankole's family also did business. The USSFCU operates branch offices in the District of Columbia and in Alexandria, Virginia, and it operates "family service centers" in both Virginia and Maryland.

By early January 2000, Chevy Chase Bank had closed the Chevy Chase Account due to insufficient funds. Thereafter, on January 13, 2000, Bankole wrote a Safari check for $75,000, payable to his father, on the closed Chevy Chase Account. He deposited the check into the USSFCU Savings Account at a family service center in Rockville, Maryland. Prior to this deposit, that account had a balance of only five dollars.

Following its receipt of the $75,000 check, USSFCU placed a "Notice of Hold" on it, rendering the funds unavailable for a period of five days. On January 18, 2000, when the hold was lifted, Bankole transferred $40,000 from the USSFCU Savings Account into the USSFCU Checking Account. On the following day, January 19, 2000, he paid a New Hampshire vendor the sum of approximately $36,000 to consummate a purchase of computers by Microworks, utilizing a Visa debit card drawn on the USSFCU Checking Account. This debit transaction, initiated from Maryland, resulted in the transfer of funds from the USSFCU Checking Account to the New Hampshire vendor, via a debit signal received and processed by USSFCU in Alexandria, Virginia.

On January 31, 2000, Chevy Chase Bank notified USSFCU that the Chevy Chase Account, on which Bankole had written the $75,000 check, was closed at the time the check was drawn. The USSFCU then referred the matter to the authorities, and Bankole thereafter acknowledged to the FBI that, when he wrote the $75,000 check, he knew that it was worthless and that the Chevy Chase Account had been closed.

When USSFCU handled the Visa card transaction, its executive offices were located in Alexandria, in the Eastern District of Virginia, and the processing of its banking transactions occurred there. Indeed, a USSFCU witness testified that the Visa debit signal was received

at the Alexandria offices, and that the loss to USSFCU, i.e., its payment of $36,000 in nonexistent funds to the New Hampshire vendor, occurred at that point.

Because Bankole disputed the propriety of venue in the Eastern District of Virginia, the district court concluded that a question of fact existed on the issue. Without objection, the court submitted the venue issue to the jury, to be determined by a preponderance of the evidence. Bankole did not contest this procedure, but he objected to a specific portion of the venue instruction, which provided that:

> In determining the appropriate venue for bank fraud, you are instructed that venue lies in the place where the results of the fraud were felt. And the Government alleges that occurred here on Eisenhower Avenue where the headquarters of the bank is located.

J.A. 126-27. The jury returned a guilty verdict against Bankole, and he was sentenced to sixty days of incarceration, four months of community confinement, and three years of supervised release. He has filed a timely notice of appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

While we normally review an issue of venue de novo, *United States v. Wilson*, 262 F.3d 305, 320 (4th Cir. 2001), the submission of a venue question to a jury is a proper procedure when the facts underlying venue are disputed. *Cf. United States v. Martinez*, 901 F.2d 374, 376 (4th Cir. 1990) (observing that "proof of venue may be so clear that failure to instruct [the jury] on the issue is not reversible error"). In examining a guilty verdict, we view the evidence in the light most favorable to the Government, and we must sustain the conviction if there is substantial evidence supporting the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Young*, 248 F.3d 260, 273 (4th Cir. 2001).

We review for abuse of discretion a trial court's choice of instructions and its determination of the content of a jury charge. *United*

*States v. Russell*, 971 F.2d 1098, 1107 (4th Cir. 1992). Instructions are sufficient when, construed as a whole, they adequately state the controlling legal principles without misleading or confusing the jury. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 408 (4th Cir. 1999).

### III.

### A.

Pursuant to the Constitution of the United States, a defendant must be tried where the alleged crime was committed, i.e., in the appropriate venue. U.S. Const. art. III, § 2; U.S. Const. amend. VI. While Congress may provide for venue when it enacts a criminal statute, it did not do so in connection with the bank fraud statute. Thus, the selection of venue in a bank fraud prosecution is governed by the general venue statute for federal criminal offenses, set forth in 18 U.S.C. § 3237. Section 3237, covering those offenses where Congress has not expressly provided otherwise, states in pertinent part that:

> [A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

18 U.S.C. § 3237(a).

Venue for a federal criminal prosecution is to be determined "from the nature of the crime alleged and the location of the act or acts constituting it."[2] *United States v. Anderson*, 328 U.S. 699, 703 (1946). Of

---

[2]The charging paragraph of the single-count indictment against Bankole alleged that:

> On or about January 18, 2000, *in the Eastern District of Virginia*, defendant JULIUS O. BANKOLE *did knowingly execute* and attempt to execute *a scheme and artifice to defraud* the USSFCU and to obtain money and property, owned by and under the custody and control of the USSFCU, under false pretenses and representations, in that the defendant, relying on the fact that the USSFCU had not yet discovered that the $75,000 Safari check

course, there may be more than one appropriate venue for such a federal criminal charge, and a particular venue is not improper simply because the defendant was never physically present there. *United States v. Wilson*, 262 F.3d 305, 320 (4th Cir. 2001); *United States v. Blecker*, 657 F.2d 629 (4th Cir. 1981).

In determining whether the bank fraud offense committed by Bankole was "begun, continued or completed" in the Eastern District of Virginia, we must assess whether some "essential conduct element" of the offense occurred there. *United States v. Villarini*, 238 F.3d 530, 533 (4th Cir. 2001). And in order to determine the propriety of venue, we must first identify the conduct constituting the offense and the location of the criminal acts. *United States v. Barnette*, 211 F.3d 803, 813 (4th Cir. 2000).

The bank fraud statute, 18 U.S.C. § 1344, proscribes the execution of a scheme to defraud a financial institution, and a fraud scheme completed in the Commonwealth of Virginia will give rise to venue in Virginia. *See In re Palliser v. United States*, 136 U.S. 257, 267-68 (1890) (finding letter designed to induce fraud mailed from New York to Connecticut gave rise to venue in Connecticut). The mere fact that, as in this case, the communication was transmitted to Virginia by the New Hampshire vendor will not defeat venue. *See United States v. Murphy*, 117 F.3d 137, 140 (4th Cir. 1997).

Thus, while Bankole's contacts with the New Hampshire vendor were from Maryland, venue is proper in the Eastern District of Virginia if the USSFCU, from which the New Hampshire vendor obtained nonexistent funds, completed the debit transaction in that district. And the uncontradicted evidence is that USSFCU operates its accounting processing in Alexandria, Virginia, and that the debit transaction was completed there. This evidence plainly preponderates in favor of the verdict, and it supports a finding that the bank fraud

was worthless, caused a purchase by a VISA debit card, linked to his father's USSFCU account, to be charged to his father's account, *causing a loss to USSFCU of $35,991*, the amount of the VISA debit card purchase.

(emphasis added).

offense was *begun* in Maryland, *continued* into New Hampshire, and was *completed* in the Eastern District of Virginia.[3] *See* 18 U.S.C. § 3237(a); *Wilson*, 262 F.3d at 320.

### B.

At trial, Bankole objected to the venue instruction, contending that it misstated the law. On appellate review, an erroneous jury instruction will mandate reversal only if, based on an analysis of the record as a whole, the error was prejudicial. *United States v. Hastings*, 134 F.3d 235, 241 (4th Cir. 1998) ("When, over a proper objection, a district court erroneously instructs the jury on an element of the offense, the error may be disregarded as harmless if a reviewing court can determine, beyond a reasonable doubt, that a correctly instructed jury would have reached the same conclusion."); *Wellington v. Daniels*, 717 F.2d 932, 938 (4th Cir. 1983).

Bankole maintains that the district court, in instructing the jury that venue was appropriate "where the results of the fraud are felt," inappropriately relied on our unpublished decision in *United States v. Riselli*, 7 F.3d 228, text in Westlaw at 1993 WL 366364 (4th Cir.).[4] However, viewed in the proper context, the venue instruction was not incorrect.[5] And, in this circumstance, the completion of the bank fraud

---

[3]Bankole further maintains that, because the indictment alleged that he attempted to commit bank fraud, it was improper to convict him for the execution of the fraud in Virginia. Because the indictment charged in the conjunctive, alleging that Bankole "did knowingly execute and attempt to execute" the fraud, we would have to disregard the plain provisions of § 3237 for Bankole to prevail on this contention. It is clearly frivolous.

[4]Our Local Rule 36(c) disfavors reliance on unpublished opinions, and such opinions are not precedential. *See Hogan v. Carter*, 85 F.3d 1113, 1118 (4th Cir. 1996) (en banc).

[5]The balance of the venue instruction, to which no objection was made, provided in pertinent part that:

> Proper venue of a criminal trial requires the Government to charge a defendant only in the district or districts where the crime occurred. Therefore, in order to convict the defendant of the crime charged in the indictment, you must be satisfied that

offense, i.e., the account processing in Virginia, occurred in the same venue where USSFCU suffered its loss and the results of the fraud were felt. Any error, therefore, could not have been prejudicial to Bankole.

## IV.

For the foregoing reasons, venue was proper for the prosecution of Bankole in the Eastern District of Virginia, and we affirm his conviction.

*AFFIRMED*

---

the crime alleged occurred in the Eastern District of Virginia or at least a part of the crime occurred here.

. . . .

You are also instructed that the Government need not proof [sic] that the entire offense took place here in the Eastern District of Virginia. Any offense against the United States begun in one district and completed in another or committed in more than one district may be prosecuted in any district in which the offense was begun and continued.