16 F.3d 412
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Garry BUTLER, Defendant-Appellant.
 No. 93-5001.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 28, 1993.
Decided: Feb. 8, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte; Graham C. Mullen, District Judge.
 Harold Johnson Bender, Harold J. Bender Law Office, Charlotte, NC, for appellant.
 Robert James Conrad, Jr., Asst. U.S. Atty., Charlotte, NC, for appellee.
 Jerry W. Miller, U.S. Atty., Charlotte, NC, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Garry Butler appeals his conviction of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. We affirm.
 
 
 2
 On September 27, 1991, Butler was arrested by Guilford County, North Carolina Police and North Carolina State Bureau of Investigation agents. In October 1991, a grand jury for the Western District of North Carolina returned a one count indictment charging Butler with conspiracy to possess with intent to distribute a quantity of cocaine in violation of 21 U.S.C. Sec. 846. On February 6, 1992, a grand jury for the Western District of North Carolina returned a superseding bill of indictment charging Butler with the same conspiracy to distribute cocaine and charging that an overt act of the conspiracy was committed in the Western District. The government then filed an amended information on May 14, 1992, which stated that the relevant conduct included cocaine distributed in the Winston-Salem area.
 
 
 3
 At trial, witnesses testified that Butler utilized couriers to transport cocaine from New York to Winston-Salem (located in the Middle District of North Carolina). According to that testimony, after Butler received the cocaine, he and others "cooked" it into "crack" and sold the latter substance in Winston-Salem. Ultimately, he sold approximately one kilogram of crack each week for over a year.
 
 
 4
 At the time of his arrest, Butler was waiting in Greensboro, North Carolina (also located in the Middle District of North Carolina, approximately thirty miles from Winston-Salem) for one of the couriers, Lynette Townsend, to bring cocaine to him which she had procured in New York. She intended to fly directly to Greensboro; however, she was unable to do so, and flew to Charlotte. She was interdicted at the Charlotte airport, carrying 390 grams of cocaine. After her arrest, she cooperated with narcotics agents and after a controlled delivery in Greensboro, Butler was arrested there.
 
 
 5
 We find no merit in any of the four grounds Butler raises. He argues that the indictment should have been dismissed for lack of jurisdiction in the Western District because the crime was committed in the Middle District. The indictment, however, alleged that an overt act pursuant to the conspiracy occurred in the Western District (the transport of cocaine through the Charlotte airport); this is sufficient to ground jurisdiction there. United States v. Levy Auto Parts of Canada, 787 F.2d 946, 952 (4th Cir.), cert. denied, 479 U.S. 828 (1986); United States v. Gilliam, 975 F.2d 1050 (4th Cir.1992); United States v. Martinez, 901 F.2d 374 (4th Cir.1990). Nor is there merit to his second contention. The district court acted well within its discretion in refusing to compel testimony from a co-defendant who entered into a plea agreement, had not been sentenced, and invoked the privilege against testifying under the Fifth Amendment. Likewise, there is no merit to Butler's contentions that the trial court should have given 404(b) instructions to the jury concerning the testimony of two co-defendants. Their testimony did not represent 404(b) evidence but related directly to the conspiracy. Finally, we do not agree with Butler that there is a variance between the indictment and the evidence. The judgment of the district court is affirmed.
 
 
 6
 AFFIRMED.