**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellant,*

v.                                          No. 02-4705

GARY BUTLER, a/k/a Garry Butler,
          *Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-91-194-MU)

Argued: May 9, 2003

Decided: June 17, 2003

Before WILKINS, Chief Judge, and WILKINSON and
LUTTIG, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

### COUNSEL

**ARGUED:** Jennifer Marie Hoefling, Assistant United States Attorney, Charlotte, North Carolina, for Appellant. Carole Melissa Owen, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Robert J. Conrad, Jr., United States Attorney, C. Nicks Williams, Assistant United States Attorney, Holly S. Pierson, Assistant United States Attorney, Charlotte, North Carolina, for Appellant. Noell P. Tin, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

The United States appeals from the district court's imposition of an 87 month sentence with respect to defendant, Gary Butler, after resentencing conducted pursuant to this court's mandate in *United States v. Butler*, No. 97-7299, 1999 U.S. App. LEXIS 856 (4th Cir. Jan. 22, 1999). The United States contends that the district court violated our mandate in sentencing Butler to less than the twenty year statutory maximum for his drug conspiracy conviction, and that the district court erred by concluding that all three exceptions to the mandate rule applied. We agree, and vacate the district court's sentence and remand for resentencing.

I.

In 1992, Butler was convicted of violating 21 U.S.C. §§ 841(a)(1) and 846, under an indictment for conspiracy to possess cocaine (not cocaine base) with intent to distribute. During the sentencing hearing, Butler objected to the amount of cocaine base attributed to him as relevant conduct under Sentencing Guideline §1B1.3. The district court found that there was ample evidence of distribution in excess of 1.5 kilograms of cocaine base, and sentenced Butler to 420 months imprisonment. Butler appealed, and we affirmed. *United States v. Butler*, 16 F.3d 412 (4th Cir. 1994) (unpublished opinion) ("*Butler I*").

In 1997, Butler filed a motion under 28 U.S.C. § 2255, contending that the sentence imposed exceeded the statutory maximum for the offense of conviction. The district court denied the motion, but upon appeal we vacated the district court's order in part, and remanded to the district court to re-sentence Butler to the statutory maximum of twenty years imprisonment. *United States v. Butler*, No. 97-7299, 1999 U.S. App. LEXIS 856 (4th Cir. Jan. 22, 1999) ("*Butler II*").

In 2001, the district court held a resentencing hearing at which it heard additional evidence presented by Butler, and sought additional briefing from the parties on several legal issues. On July 30, 2002, the district court held a second resentencing hearing at which it sentenced Butler to 87 months imprisonment. The district court concluded that the mandate from this court in *Butler II* did not foreclose it from conducting a de novo resentencing of Butler, and, apparently in the alternative, that all three exceptions to the mandate rule applied. The United States now appeals, contending that the district court erred on each point.

## II.

The mandate rule is a "specific application of the law of the case doctrine," and requires that a lower court "carry the mandate of the upper court into execution and . . . not consider the questions which the mandate laid at rest." *United States* v. *Bell*, 5 F.3d 64, 66 (4th Cir. 1993). This rule "compels compliance on remand with the dictates of a superior court." *Id*. And "except in rare circumstances" the district court must "implement both the letter and spirit of the . . . mandate, taking into account our opinion and the circumstances it embraces." *Id*. (internal quotation marks and brackets omitted). The mandate rule binds the lower court except in "the following extraordinary circumstances: (1) a showing that controlling legal authority has changed dramatically; (2) that significant new evidence, not earlier obtainable in the exercise of due diligence, has come to light; or (3) that a blatant error in the prior decision will, if uncorrected, result in a serious injustice." *United States* v. *Aramony*, 166 F.3d 655, 662 (4th Cir. 1999).

## A.

In Butler's appeal of the denial of his motion pursuant to 28 U.S.C. § 2255, we vacated his sentence and remanded for the district court to resentence him, instructing as follows:

> Based on 389 grams of powder cocaine, the statutorily authorized maximum sentence is twenty years. Although the guidelines range exceeds the statutory maximum, the statutory maximum takes precedence over the guidelines range. Under the Guidelines, when the statutorily authorized maxi-

> mum sentence is less than the minimum of the guidelines range, as here, the maximum statutory sentence shall be the guidelines sentence. Accordingly, *Butler's guidelines sentence is twenty years, and he must be resentenced accordingly.*

*Butler II*, 1999 U.S. App. LEXIS 856 at *6 (emphasis added) (internal citations omitted). We also proceeded to grant a certificate of appealability and vacate the sentence based on ineffective assistance of counsel, for counsel's failure to raise this issue on direct appeal. *Id*. at *6-7.

In *United States* v. *Bell*, the mandate issued by this court "contained precise and unambiguous instructions, and directed the [district] court to do only one thing on remand — impose a sentence within the specified guideline range of 87-108 months." *Id*. at 67. We held that the district court's failure to obey this precise instruction constituted a violation of the mandate rule.

As in *Bell*, our mandate in *Butler II* contained "precise and unambiguous instructions." *Bell*, 5 F.3d at 67. The district court was directed "to do only one thing on remand," impose a sentence of twenty years imprisonment on Butler. *Id*. The district court, instead, after taking further evidence and receiving additional briefs, sentenced Butler to 87 months imprisonment. This action by the district court was in violation of our mandate.

Butler cites a parenthetical dictum in *United States* v. *Broughton-Jones*, 77 F.3d 1143 (4th Cir. 1995), for the proposition that "unless specifically limited by [the] court of appeals' mandate, resentencing on remand is de novo." *Id*. at 1149 n.4, *citing United States* v. *Bell*, 5 F.3d 64, 67 (4th Cir. 1993). Even if this dictum correctly stated the law of this circuit, it would be irrelevant here, because our mandate was precise and unambiguous, and instructed the district court to correct one specific error only. Given this mandate, this case is controlled by *Bell* and *United States* v. *Apple*, 962 F.2d 335, 337 (4th Cir. 1992) ("The district court *properly* felt constrained . . . by our remand instructions . . . to limit its reconsideration of the sentences to that alone which we indicated might have been incorrect.") (emphasis

added). Accordingly, the district court erred by conducting a de novo resentencing.

### B.

A district court is permitted to disregard the mandate where any one of three "extraordinary circumstances" exists. *Aramony*, 166 F.3d at 662. The district court concluded that all three exceptions to the mandate rule were present. In this conclusion, too, the district court erred.

First, the district court concluded that *Apprendi* v. *New Jersey*, 530 U.S. 466 (2000), decided between the time of this court's remand for resentencing and the resentencing hearing, dramatically changed the controlling legal authority. But an *Apprendi* error occurs only where a sentence above the statutory maximum for the offense is imposed. *See United States* v. *Angle*, 254 F.3d 514, 518 (4th Cir. 2001). Here, as our remand required the district court to sentence at the statutory maximum, not above it, *Apprendi* was not implicated at all by Butler's resentencing.

Butler attempts to construct a dramatic change in the controlling legal authority by linking *Apprendi* and *United States* v. *Promise*, 255 F.3d 150 (4th Cir. 2001), with *McMillan* v. *Pennsylvania*, 477 U.S. 79 (1986): "Because of [*Apprendi*'s and *Promise*'s] change in the legal landscape," he argues, "uncharged conduct threatened to increase Mr. Butler's offense dramatically, potentially in violation of *McMillan* v. *Pennsylvania*." Appellee's Brief, at 15.* But the flaw in this argument is that *Apprendi* and *Promise* did not change the relevant legal landscape. Uncharged conduct (in this case, conspiracy to distribute cocaine base) "threatened to increase" dramatically Butler's sentence *regardless* of whether this uncharged conduct is classified as an element of the crime or as a sentencing factor. Hence, *Apprendi*

---

*\*McMillan* suggests that where a sentencing factor acts as "a tail which wags the dog of the substantive offense," the existence of the factor would have to be proven beyond all reasonable doubt, rather than by a lower standard such as preponderance of the evidence. *McMillan*, 477 U.S. at 88.

and *Promise*, even considered together with *McMillan*, did not change at all the controlling legal authority relevant to Butler's resentencing.

Second, the district court concluded that the "extraordinary circumstance" of "significant new evidence" warranted a departure from the mandate rule. The "significant new evidence," however, consisted of nothing more than statements taken from a few prosecution witnesses and co-conspirators that differed, mostly in inconsequential fashion, from portions of testimony by others at Butler's sentencing hearing. To give an illustration, Butler submitted, at the resentencing hearing, an affidavit from Sean Ashe, an unindicted co-conspirator, asserting that two particular drug couriers did not work for Butler. In contrast, at the initial sentencing hearing, Agent Beam (an official who conducted much of the investigation of Butler) testified, based on information gleaned from participants in the conspiracy, that these two couriers did work for Butler. It is not reasonable to think that a factfinder would be compelled to disregard Agent Beam's testimony based on this affidavit alone; nor would disregard of the evidence relating to these two couriers have any effect on the other evidence that showed Butler's involvement with well over 1.5 kilograms of cocaine base.

As another example, Butler presented evidence from an interview of Mr. Desmond Henry, one of Butler's co-defendants, taken after Butler's sentencing. In this interview, Henry stated that he, Butler, and all the other drug dealers were "in it for themselves" and did not work in an organized ring, J.A. 385, that several rocks of cocaine found on Ms. Hattie Aaron belonged to him, not Butler, and that the two drug couriers mentioned above from Ashe's affidavit worked for him, not Butler. Again, it would be quite unreasonable to conclude that a factfinder would be compelled to credit Henry's statements over the statements of other knowledgeable participants in the conspiracy, such as Michael Green, Paulette Jackson, and Hattie Aaron, presented at the initial sentencing hearing. The discovery of such inconsistencies between the statements of members of a conspiracy is, after all, a breathtakingly *ordinary* circumstance, not an "extraordinary" one. And also, at least as to the statements regarding the ownership of the rocks of cocaine and the employment of the two drug couriers in question, even crediting these statements would have no significant impact on the other evidence showing Butler's involve-

ment with a large amount of cocaine base. This evidence, then, and the like evidence presented by Butler, does not rise to the level of "significant," nor does its discovery and presentation constitute an "extraordinary circumstance."

As to the third exception to the mandate rule, the district court did not identify any blatant error in any prior proceeding, much less one that would result in a "substantial injustice" if it were left uncorrected. In fact, no error has been identified in any prior proceeding other than the initial imposition of a sentence above the statutory maximum (which was to be corrected pursuant to the mandate of this court). Thus, the district court erred on this score as well.

As no exception to the mandate rule was applicable in this case, the district court was bound to carry out the mandate of this court to sentence Butler to twenty years. By failing to do so, the district court committed reversible error.

## CONCLUSION

For the reasons stated, the sentence imposed by the district court is vacated, and the case is remanded with the instruction that the district court impose a sentence of twenty years of imprisonment on Butler.

*VACATED AND REMANDED*