**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 05-4241

---

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

GARY BUTLER,

Defendant - Appellee.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Chief District Judge.  (CR-91-194)

---

Argued:  June 20, 2005                    Decided:  July 15, 2005

---

Before WILKINS, Chief Judge, and LUTTIG and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.  Judge Luttig wrote a dissenting opinion.

---

**ARGUED:** Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellant.  Noell Peter Tin, TIN, FULTON, GREENE & OWEN, P.L.L.C., Charlotte, North Carolina, for Appellee. **ON BRIEF:** Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

The Government appeals a sentence imposed on Gary Butler, contending that the district court erred in sentencing Butler pursuant to United States v. Booker, 125 S. Ct. 738 (2005). Finding no error, we affirm.

I.

Butler was convicted of conspiracy to possess with the intent to distribute an unspecified quantity of cocaine. The lengthy history of this case is recited in previous opinions of this court. See United States v. Butler, 67 Fed. Appx. 798, 799 (4th Cir. 2003) (per curiam); United States v. Butler, No. 97-7299, 1999 WL 25555, at **1 (4th Cir. Jan. 22, 1999) (per curiam).

Prior to Butler's latest resentencing, the Supreme Court decided Booker, overruling our circuit precedent and holding that the Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act (Act) and the federal sentencing guidelines, imposes a sentence greater than the maximum authorized by the facts found by the jury alone. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Because the Act as written effectively gave the guidelines the force of law, the Court recognized that applying the Act and the guidelines as written would result in Sixth Amendment violations under certain circumstances. See Booker, 125 S. Ct. at 750-51. To remedy this problem, the Court severed and excised the provision in the Act

2

mandating sentencing in conformance with the guidelines, see id. at 764 (severing and excising 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005)), thereby rendering the guidelines "effectively advisory," id. at 757.[1]

In light of this change in the law, the district court concluded that it was not bound to follow the mandate from our previous decision, which required imposition of a 20-year guideline sentence. Rather, the district court sentenced Butler de novo, treating the guidelines as advisory and imposing a prison term of 14 years.[2]

## II.

The Government contends that the district court erred in sentencing Butler to less than the 20 years required by the mandate of our last opinion because no exception to the "mandate rule" applied. We disagree.

The mandate rule requires lower courts to "carry the mandate of the upper court into execution and ... not consider the questions which the mandate laid at rest." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (internal quotation marks omitted).

---

[1]The Court also severed 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005), which mandated appellate review in conformance with the guidelines. See Booker, 125 S. Ct. at 764.

[2]The Government represents that, having completed his prison sentence, Butler is subject to deportation any time upon the completion of the process for deportation conducted by the United States Immigration and Customs Enforcement.

However, the trial court does retain discretion to reopen matters laid to rest in certain "extraordinary circumstances," namely, upon a showing "(1) ... that controlling legal authority has changed dramatically; (2) that significant new evidence, not earlier obtainable in the exercise of due diligence, has come to light; or (3) that a blatant error in the prior decision will, if uncorrected, result in a serious injustice." Id. at 67 (internal quotation marks & alterations omitted).

While it is true that our mandate required imposition of a 20-year sentence, the district court correctly ruled that an exception to the mandate rule applied because there had been a dramatic change in controlling sentencing law since we issued our decision. After Booker, district courts are no longer required to treat the guidelines as mandatory, but instead must treat them as advisory only. See United States v. White, 405 F.3d 208, 217 (4th Cir. 2005). This rule directly affected Butler in that the 20-year sentence ordered by our prior mandate was required only under the mandatory, not the advisory, regime.

The Government maintains that Booker did not apply to Butler's case, which the Government contends was still on collateral review when he was last sentenced. See United States v. Sanders, 247 F.3d 139, 147-48 (4th Cir. 2001) ("New rules of constitutional criminal procedure are generally not applied retroactively on collateral review."). The Government's argument fails, however, because

4

collateral relief had been obtained by Butler years earlier when he obtained a vacatur of his original illegal sentence. Once the case was remanded to the district court, Butler's collateral review was over; there was nothing left to review collaterally.

It could certainly be said that Butler was fortunate that the district court twice sentenced him incorrectly, thus continuing his case long enough for <u>Booker</u> to be decided before the latest sentence was imposed. But, it is not unusual for temporal happenstance to control whether a criminal defendant receives the benefit of a Supreme Court decision. And, Butler is no less "deserving" of benefitting from <u>Booker</u> than are any of the other defendants who happened to have been sentenced after <u>Booker</u> was decided. The fact is that when Butler was sentenced, <u>Booker</u> had already been decided, and that is all that matters.

### III.

In sum, we affirm Butler's sentence.

<u>AFFIRMED</u>

LUTTIG, Circuit Judge, dissenting:

I dissent.  I believe, contrary to the majority, that this case remains on collateral review and, as a consequence, Butler is not entitled to the benefit of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005).