**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

SCOTTY MANNS,

*Defendant-Appellant.*

No. 02-4639

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-02-53)

Submitted: May 29, 2003

Decided: June 19, 2003

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David O. Schles, STOWERS & ASSOCIATES, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Scotty Manns appeals his conviction and twenty-one month sentence for one count of making false statements to the Federal Aviation Administration and one count of carrying a concealed firearm on an aircraft in violation of 18 U.S.C. § 1001 (2002) and 49 U.S.C. § 46505(b)(1) (2002). On appeal, Manns asserts the district court erred by not granting him a two level downward adjustment for acceptance of responsibility under *U.S. Sentencing Guidelines Manual* § 3E1.1 (2001). Finding no reversible error, we affirm.

We review a district court's decision to deny an adjustment for acceptance of responsibility for clear error. *United States v. Ruhe*, 191 F.3d 376, 379 (4th Cir. 1999). Section 3E1.1 of the sentencing guidelines allows a reduction of the offense level by two levels where the defendant "clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1. This court has held that the burden is on the defendant to prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct. *United States v. Martinez*, 901 F.2d 374, 377 (4th Cir. 1990).

Sentencing judges are afforded great deference in evaluating a defendant's acceptance of responsibility. USSG § 3E1.1, comment. (n.5). One of the factors the district court should consider is whether the defendant has voluntarily terminated or withdrawn from criminal conduct or associations. USSG § 3E1.1, comment. (n.1(b)). A district court may deny the adjustment because of criminal conduct, including drug use, while on pretrial release. *United States v. Kidd*, 12 F.3d 30, 34 (4th Cir. 1993). Because Manns tested positive for marijuana use two separate times during his release on bond, and because the district court found Manns' explanations for the positive results were not credible, we find the district court did not err in denying him credit for acceptance of responsibility.

Accordingly, we affirm Manns' conviction and sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*